**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GAIL TAKAHASHI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration<br><br>　　　　　Defendant. | Case No. CV 13-4905 SS<br><br>**MEMORANDUM DECISION AND ORDER** |

**I.**

**INTRODUCTION**

Gail Takahashi ("Plaintiff") seeks review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner" or the "Agency") denying her application for a period of disability and Disability Insurance Benefits. The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate

\\

Judge. For the reasons stated below, the decision of the Commissioner is REVERSED and REMANDED for further proceedings.

## II.

## PROCEDURAL HISTORY

On July 9, 2010, Plaintiff filed an application for Insurance Benefits, claiming that she became disabled on May 14, 2007. (Administrative Record ("AR") 145-47). The Agency denied Plaintiff's application on October 15, 2010, based on a determination that Plaintiff's condition was "not severe enough to keep [her] from working" and that she could still perform her former job as a computer operator. (AR 92). On December 2, 2010, Plaintiff filed a request for reconsideration with the agency, on the basis that she was "totally disabled due to [her] physical and emotional condition." (AR 95). The Agency denied reconsideration on July 22, 2011. (AR 96-100).

Plaintiff requested a hearing, which was held before Administrative Law Judge ("ALJ") Sally Reason on April 30, 2012 ("ALJ Hearing"). (AR 48-72). Elizabeth Brown-Ramos, a Vocational Expert ("VE") also testified. (AR 67-71, 128). On May 15, 2012, the ALJ issued an unfavorable decision. (AR 19). Plaintiff sought review before the Appeals Council (AR 18), which the Council denied on June 7, 2013. (AR 11-13). The Council's determination made the ALJ's decision final. (AR 11). Plaintiff filed the instant action on July 9, 2013.
\\

**II.**

**THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS**

To qualify for disability benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents her from engaging in substantial gainful activity and that is expected to result in death or to last for a continuous period of at least twelve months. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work she previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. §§ 404.1520, 416.920. The steps are:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

(2) Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three.

(3) Does the claimant's impairment meet or equal one of the specific impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so,

|   |   |   |
|---|---|---|
| 1 |   | the claimant is found disabled.  If not, proceed |
| 2 |   | to step four. |
| 3 | (4) | Is the claimant capable of performing his past |
| 4 |   | work?  If so, the claimant is found not disabled. |
| 5 |   | If not, proceed to step five. |
| 6 | (5) | Is the claimant able to do any other work?  If |
| 7 |   | not, the claimant is found disabled.  If so, the |
| 8 |   | claimant is found not disabled. |

Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citations omitted); 20 C.F.R. §§ 404.1520(b)-(g)(1) & 416.920(b)-(g)(1).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54.  Additionally, the ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry.  Id. at 954.  If, at step four, the claimant meets her burden of establishing an inability to perform past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity ("RFC"), age, education, and work experience. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).  The Commissioner may do so by the testimony of a vocational expert or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids"). Osenbrock

4

v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001). When a claimant has both exertional (strength-related) and non-exertional limitations, the Grids are inapplicable and the ALJ must take the testimony of a vocational expert. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000) (citing Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988)).

## III.

### THE ALJ'S DECISION

The ALJ employed the five-step sequential evaluation process. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful employment since her alleged onset date of May 14, 2007. (AR 24). At step two, the ALJ found that Plaintiff had severe physical impairments, but opined that the evidence was insufficient to establish that Plaintiff had "any significantly limiting mental impairment(s)."[1] (AR 24). The ALJ made note of records from Plaintiff's treating physician showing "subjective complaints of depression," and of a "narrative report" from Plaintiff's treating psychiatrist, Dr. Susan Fukushima, detailing Plaintiff's treatment for depression and social anxiety over twenty-five years. (AR 24). However, the ALJ concluded that neither report showed "any limitation in the ability to perform basic mental work activities," and that Plaintiff had worked for years despite her history of depression

---

[1] The ALJ found severe physical impairments related to Plaintiff's history of carpal tunnel syndrome, cervical degenerative disc disease, and right shoulder impingement. (AR 24).

5

and anxiety. (AR 24-25). The ALJ also noted that Plaintiff did not mention mental health problems when she applied for disability benefits. (AR 25).

At step three, the ALJ determined that Plaintiff's impairments, either singly or in combination, did not meet or equal the requirements of any impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 27). At step four, the ALJ found that Plaintiff retained an RFC to perform light work, though with certain physical limitations. (AR 27). The ALJ also determined that Plaintiff could not perform any past relevant work. (AR 33). Finally, at step five, the ALJ found that based on Plaintiff's age, educational background, work experience, and RFC, she could perform a number of jobs available in significant numbers in the national economy. (AR 34). These included work as a receptionist or data entry secretary. (AR 34). Accordingly, the ALJ determined that Plaintiff was not disabled. (AR 34).

## IV.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The court may set the decision aside when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1097); Smolen v. Chater, 80 F.3d

1273, 1279 (9th Cir. 1996) (citing Fair v. Bowen, 885 F.2d 597, 601 (9th Cir. 1989)).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720 (citing Jamerson v. Chater, 112 F.3d 1064, 1066 (9th Cir. 1997)). It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. (citing Jamerson, 112 F.3d at 1066; Smolen, 80 F.3d at 1279). To determine whether substantial evidence supports a finding, the court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland, 257 F.3d at 1035 (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing that conclusion, the court may not substitute its judgment for that of the Commissioner. Reddick, 157 F.3d at 720-21 (citing Flaten v. Sec'y, 44 F.3d 1453, 1457 (9th Cir. 1995)).

## V.

## DISCUSSION

Plaintiff contends that the ALJ erred when she rejected the opinions of Plaintiff's treating psychiatrist and physician, finding no significant mental impairment, and when she rejected Plaintiff's testimony without providing legally adequate reasons. (Memorandum in Support of Plaintiff's Complaint ("Complaint") at 2, 8, 11). Plaintiff also contends that the VE's testimony

7

"cannot support a denial of benefits" and that the Court should award benefits rather than remanding this case for further proceedings. (Complaint at 16, 18). The Court agrees with Plaintiff's contention that the ALJ failed to accord proper weight to the opinions of Plaintiff's treating psychiatrist and to provide legally adequate reasons, at step two of her analysis, for finding that Plaintiff did not suffer a severe mental impairment. Therefore, the ALJ's decision should be reversed and this action remanded for further proceedings.

By its own terms, the evaluation at step two is a de minimis test intended to weed out the most minor of impairments. See Bowen v. Yuckert, 482 U.S. 137 (1987)(O'Connor, J., concurring); Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (step two is "de minimis threshold"); Smolen, 80 F.3d at 1290 (internal quotations and citations omitted). Where there is evidence of a mental impairment that prevents a claimant from working, however, the Agency supplements the five-step sequential evaluation process with additional inquiries. Maier v. Comm'r, 154 F.3d 913, 914-15 (9th Cir. 1998)(citing 20 C.F.R. § 416.920a)(per curiam).

First, the ALJ must determine the presence or absence of certain medical findings relevant to the claimant's ability to work. 20 C.F.R. § 416.920a(b)(1). Second, when the claimant establishes these medical findings, the ALJ must rate the degree of functional loss resulting from the impairment by considering four areas of function: (a) activities of daily living; (b)

8

social functioning; (c) concentration, persistence, or pace; and (d) episodes of decompensation. 20 C.F.R. § 416.920a(c)(2)-(4). Third, after rating the degree of loss, the ALJ must determine whether the claimant has a severe mental impairment. 20 C.F.R. § 416.920a(d). Fourth, when a mental impairment is found to be severe, the ALJ must determine if it meets or equals a listing in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 416.920a(d)(2). Finally, if a listing is not met, the ALJ must assess the claimant's RFC, and the ALJ's decision "must incorporate the pertinent findings and conclusions" regarding the claimant's mental impairment, including "a specific finding as to the degree of limitation in each of the functional areas described in [§ 416.920a(c)(3)]." 20 C.F.R. § 416.920a(d)(3), (e)(2).

The regulations describe an impairment as follows:

> A physical or mental impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [a plaintiff's] statements of symptoms.

20 C.F.R. § 416.908.

Here, the ALJ rejected Dr. Fukushima's diagnosis of depression and anxiety on the basis that the psychiatrist uncritically accepted Plaintiff's subjective complaints, submitted her findings on an "attorney-generated form" completed a week before the hearing, and formed an opinion "at odds with her own treatment records." (AR 25-26). The ALJ gave "little probative weight" to Dr. Fukushima's report and instead credited assessments by an Agency consulting physician and a state agency non-examining psychiatric consultant, both of whom found no significant limiting mental impairment. (AR 25-26)).

However, the ALJ's decision omits discussion of Dr. Fukushima's treatment notes, whose forty-seven pages document nearly five years of psychiatric examinations, from May 24, 2007 through February 23, 2012.[2] (AR 681-727). The ALJ cited Dr. Fukushima's five-page "narrative report" dated March 7, 2011, and her notes on the "attorney-generated form," as the only evidence submitted by Dr. Fukushima. (AR 24, 26; see also AR 578-82 ("Narrative Report"); AR 728-33 ("Mental Impairment Questionnaire")). The ALJ failed to fully consider "the presence or absence of certain medical findings relevant to the claimant's ability to work," as Agency regulations require, when she reviewed evidence of Plaintiff's mental health. 20 C.F.R. § 416.920a(b)(1). As a result, the ALJ has not yet completed the

---

[2] The ALJ failed to discuss Dr. Fukushima's treatment notes even though the Agency received them the same day it received the "attorney-generated form," which the ALJ did discuss in detail. (See Complaint, Ex. 1 (Agency's record of receiving treatment notes and attorney-generated "Mental Impairment Questionnaire")).

10

second through fifth steps of the Agency's supplementary process for assessing a mental impairment.

In the Mental Impairment Questionnaire, Dr. Fukushima indicated that she had treated Plaintiff every two to three weeks since 1986. (AR 728). She noted that Plaintiff's signs and symptoms included social withdrawal or isolation, decreased energy, "reactive depression," sleep problems, and panic attacks that recurred "several times a week." (AR 728-29). She rated Plaintiff's ability to complete a full workday without interference of psychological symptoms as "fair." (AR 731). Similarly, in the 2011 "Narrative Report," Dr. Fukushima described Plaintiff's history of "chronic depression and social anxiety," and indicated that Plaintiff had been depressed and anxious since the onset of her physical symptoms in 2007. (AR 578). She described Plaintiff's history of panic attacks and feelings of worthlessness. (AR 579). She noted that Plaintiff had "withdrawn from her family and friends" and was "overwhelmed by any kind of decision." (AR 580). She diagnosed a "major depressive disorder" of social phobia, as well as "avoidant personality traits." (AR 581). Dr. Fukushima gave Plaintiff a Global Assessment of Functioning ("GAF") test, score of fifty-five.[3] (Id.).

---

[3] A GAF score between fifty-one and sixty indicates "Moderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) OR moderate difficulty in social, occupational, or school functioning (e.g. few friends, conflicts with peers or co-workers). American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition, Text Revision (DSM-IV-TR), 34 (2000). See also Chaudhry v. Astrue, 688 F.3d 661, 664 (9th Cir. 2012) (GAF score of fifty-five

The treatment records support these observations and diagnoses. In a treatment note written ten days after Plaintiff's alleged onset date, for example, Dr. Fukushima diagnosed "Major Depressive Disorder, Recurrent, Moderate, chronic" and noted that Plaintiff had been taking prescription Klonopin and Celexa at least since August 15, 2006.[4] (AR 681). Dr. Fukushima's depression diagnosis did not vary in the nearly five years of treatment notes included in the AR. (Compare AR 681 and AR 727). Plaintiff's prescriptions for depression and panic attacks also remained unchanged. (Id.). In the earliest entry, Dr. Fukushima noted that Plaintiff had not been going to work and felt tired and sleepy. (AR 681-82). Plaintiff's affect was "blunted" and her mood "moderately depressed." (Id.) Although Plaintiff's mood at times improved (see, e.g., AR 685), by February and March, 2008, she had "become more socially isolated," had panic attacks, and remained depressed. (AR 688). On May 15, 2008, Plaintiff's mood was "continuing depression," but she told Dr. Fukushima she was hoping to "have examination soon to see whether she can return to work." (AR 691). By August 15, 2006, however, Plaintiff continued to report depression due to her physical pain, a diagnosis the psychiatrist confirmed. (AR 699).

\\

---

indicates "moderately severe social and occupational functioning").

[4] Klonopin is used to control panic attacks and Celexa is an antidepressant. See MEDLINEPLUS, http://www.nlm.nih.gov/medlineplus/druginfo/meds/ (locate "Browse by generic or brand name" and click drug name's first letter)(last visited Nov. 12, 2014)).

12

1  Remand for further proceedings is appropriate where
2  additional proceedings could remedy defects in the Agency's
3  decision. See Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir.
4  2000).

6  Upon remand, the ALJ must conduct the supplemental
7  evaluation of mental impairment evidence. Normally, the ALJ must
8  first determine the presence or absence of certain medical
9  findings relevant to the plaintiff's ability to work. 20 C.F.R.
10 § 416.920a(b)(1). However, this Court has determined that there
11 is objective medical evidence that Plaintiff suffers from a
12 mental impairment relevant to her ability to work. Thus, the ALJ
13 need not address this question. Accordingly, the ALJ must only
14 complete the remaining inquiries required in the supplemental
15 evaluation of mental impairment evidence.

## VI.
## CONCLUSION

20 Consistent with the foregoing, IT IS ORDERED that judgment
21 be entered REVERSING the decision of the Commissioner and
22 REMANDING this matter for further proceedings consistent with
23 this decision.

25 DATED: November 13, 2014

                                    /S/
                         SUZANNE H. SEGAL
                         UNITED STATES MAGISTRATE JUDGE

13

**NOTICE**

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN LEXIS/NEXIS, WESTLAW OR ANY OTHER LEGAL DATABASE.**